**FILED**
CLERK, U.S. DISTRICT COURT

7/30/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DTA_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>KYLE REED,<br><br>           Defendant. | No. 8:21-cr-00137-JFW<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 371: Conspiracy;<br>18 U.S.C. § 220(a)(1): Illegal<br>Remunerations for Referrals to<br>Clinical Treatment Facilities] |

The Acting United States Attorney charges:

COUNT ONE

[18 U.S.C. § 371]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.   Defendant KYLE REED controlled the business entity Solutions of Sobriety LLC.  Defendant REED also controlled multiple bank accounts (collectively, "the Accounts"), including a Citibank account ending in numbers 8587 and held under the name Solutions of Sobriety LLC ("Citi 8587").  Defendant REED referred patients to addiction treatment facilities in Orange County, California, in

exchange for kickback payments via checks that defendant REED deposited into the Accounts or via wire transfers.

2. A co-conspirator ("Owner 1") controlled two substance abuse treatment facilities in Orange County, California ("Facility A" and "Facility B").

3. A co-conspirator ("Owner 2") operated and controlled two other substance abuse treatment facilities in Orange County, California ("Facility C" and "Facility D").

4. A co-conspirator ("Broker 1") was a body broker and brokered patients to Facility A, B, C, and D (collectively, "the Facilities").

5. The Facilities were "clinical treatment facilities," as defined in Title 18, United States Code, Section 220(e)(2), and were regulated under state and federal law.

6. The Facilities serviced patient populations that received health care benefits through, among other entities, Anthem Blue Cross Blue Shield, Aetna Life Insurance Company, Cigna Health and Life Insurance Company, Cigna Behavioral Health Inc., and United Health Group (the "insurance companies"). The insurance companies were "health care benefit programs," as defined in Title 18, United States Code, Section 24(b), and Title 18, United States Code, Section 220(e)(3).

B. OBJECTS OF THE CONSPIRACY

7. Beginning no later than in or around October 2018, and continuing to at least in or around September 2020, in Orange County, within the Central District of California, and elsewhere, defendant REED knowingly conspired with Owner 1, Owner 2, Broker 1, and others

known and unknown to the Acting United States Attorney, to commit the following offenses against the United States:

    a.   Soliciting and Receiving Illegal Remunerations for Referrals to Clinical Treatment Facilities, in violation of Title 18, United States Code, Section 220(a)(1); and

    b.   Offering and Paying Illegal Remunerations for Referrals to Clinical Treatment Facilities, in violation of Title 18, United States Code, Section 220(a)(2).

C.    MANNER AND MEANS OF THE CONSPIRACY

    8.   The objects of the conspiracy were to be accomplished, in substance, as follows:

    a.   Defendant REED would receive kickbacks from Owner 1 as compensation for referring patients or patronage to Facilities A and B. Defendant REED would also receive kickbacks from Owner 1 through Broker 1, who sometimes passed on kickbacks from Owner 1 to defendant REED.

    b.   Defendant REED would receive kickbacks from Owner 2 as compensation for referring patients or patronage to Facilities C and D. Defendant REED would also receive kickbacks from Owner 2 through Broker 1, who sometimes passed on kickbacks from Owner 2 to defendant REED.

    c.   Facilities A, B, C, and D would bill and subsequently be reimbursed by the insurance companies for substance abuse addiction treatment purportedly given to patients referred to the respective facility by defendant REED.

    d.   Defendant REED received not less than $604,474 in kickback payments for patients referred to addiction treatment facilities during the conspiracy period.

D.   OVERT ACTS

9.   In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendant REED, Owner 1, Owner 2, Broker 1, and others known and unknown to the Acting United States Attorney, committed various overt acts in Orange County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On or about April 7, 2020, defendant REED received an $8,000 kickback payment from Broker 1 as payment from Owner 2 on behalf of Facility A.

Overt Act No. 2:   On or about April 10, 2020, defendant REED received a $25,000 kickback payment from Owner 1 on behalf of Facility B.

COUNT TWO

[18 U.S.C. § 220(a)(1)]

10. The Acting United States Attorney realleges paragraphs 1 through 6 and 8 of this Information here.

11. On or about April 10, 2020, in Orange County, within the Central District of California, and elsewhere, defendant KYLE REED knowingly and willfully solicited and received remuneration, namely, $25,000 from Facility B in the form of an electronic transfer from Facility B's Wells Fargo account ending in 0848, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring a patient and patronage to a clinical treatment facility, with respect to services covered by a health care benefit program, in and affecting interstate commerce.

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
U.S. Department of Justice

NIALL M. O'DONNELL
Assistant Chief, Fraud Section
U.S. Department of Justice

JUSTIN P. GIVENS
Trial Attorney, Fraud Section
U.S. Department of Justice